United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Geron Brown, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-22369-Civ-Scola |
| | ) |
| Metro by T-Mobile, Defendant. | ) |

## Order

This matter is before the Court on Defendant T-Mobile USA, Inc. d/b/a Metro by T-Mobile's motion to dismiss. (ECF No. 8.) Plaintiff Geron Brown failed to timely respond to T-Mobile's motion to dismiss. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the Defendant's motion. (**ECF No. 8**.)

### 1. Background

Plaintiff Geron Brown, proceeding pro se, alleges that Defendant T-Mobile negligently failed to secure his personal data, including his "PIN, password, and email," as well as his "medical records," from a third-party hacker. (Compl., ECF No. 1-1, ¶¶ 4-5.) The data breach in question occurred on March 13, 2022. (*Id.* ¶ 4.) The Plaintiff seeks $25,500,000 in damages for this data breach. (*Id.* ¶ 1.)

Defendant T-Mobile removed this case from Florida state court on July 28, 2022, based on diversity jurisdiction over the Plaintiff's negligence claim (Not. of Removal, ECF No. 1) and now moves to dismiss the complaint for failure to state a claim upon which relief may be granted. (Mot. at 1.)

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal punctuation omitted) (quoting Fed. R. Civ. P. 8(a)(2)). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### 3. Analysis

As an initial matter, the Court can, and does, **grant** the motion to dismiss based on the Plaintiff's failure to respond to the motion at all. *See* Local Rule 7.1(c) ("each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *see also, e.g., Bradshaw v. Integon Nat'l Ins. Co.*, No. 19-24806-CIV, 2019 WL 6716364, at *1 n.1 (S.D. Fla. Dec. 10, 2019) (Scola, J.) ("Bradshaw's failure to respond to the complaint constitutes an independent basis to dismiss the complaint."). The Plaintiff failed to respond to the motion by the original deadline of August 18, 2022 and failed again to respond to the motion despite the Court's entry of an order requiring a response to the motion not later than August 30, 2022. (Order, ECF No. 11.) This Order alerted the Plaintiff to the possibility that his complaint would be dismissed if he failed to respond. (*Id.*) The Plaintiff did not comply with the Order, but instead filed two discovery requests with the Court on August 30. (Mots., ECF Nos. 12, 13.)

For reasons of judicial efficiency, the Court will also briefly address T-Mobile's arguments in its motion to dismiss. T-Mobile argues that Florida does not recognize "a common law duty to safeguard information from a criminal cyberattack." (Mot. At 3.) The determination of a duty is ultimately a legal question for courts to resolve, and the Court declines to adopt such a duty in the absence of Florida case law expounding it. *See, e.g., Virgilio v. Ryland Grp., Inc.*, 680 F.3d 1329, 1339-41 (11th Cir. 2012) (declining to impose a duty on sellers of residential lots regarding disclosure of knowledge affecting fair market value where "the [p]laintiffs have found nothing to support such a holding in the Florida case law."). Because the Plaintiff bases his sole claim for negligence on such a duty, the complaint also fails to state a claim upon which relief may be granted as a matter of law. *See, e.g., id.*

### 4. Conclusion

For the reasons stated above, the Court **grants** T-Mobile's motion to dismiss (**ECF No. 8**.) The case is dismissed without prejudice, and with leave to file a new civil action. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on September 8, 2022.

_____
Robert N. Scola, Jr.
United States District Judge